# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALVIS L. BRITTON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00689 |
| | § | Judge Mazzant |
| ROBERT C. NOLL, | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Objection and Motion to Strike the Putative Expert Testimony of Larry Cole (Dkt. #8). Having considered the motion, the Court finds it should be **DENIED**.

### BACKGROUND

On January 18, 2019, on Interstate 30 in Hopkins County, Texas, two tractor trailers collided.  Plaintiff Alvis L. Britton was driving westbound in the left lane when Defendant Robert C. Noll allegedly abruptly changed lanes from the right lane to the left lane.  On September 14, 2020, Plaintiff sued for his injuries.

On June 15, 2021, Defendant moved to strike Plaintiff's expert on commercial trucking, Larry Cole ("Mr. Cole") (Dkt. #8). On June 28, 2021, Plaintiff responded (Dkt. #9).

### LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury.  509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert,

whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue.

*Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendant moves to strike or exclude the testimony of Mr. Cole as unreliable (Dkt. #8). Mr. Cole is a trucking safety expert who is expected to testify on industry safety standards (Dkt. #9 at p. 3). Defendant argues Mr. Cole merely "regurgitate[s]" industry safety regulations to explain commonsense information (Dkt. #8 at pp. 6, 8).

Mr. Cole's opinions are admissible. Mr. Cole may testify about trucking industry safety standards and deviations from those standards. For example, Mr. Cole opines that Defendant had a duty "to identify what traffic was doing in front, beside, and behind him," and "to predict the possibilities of what could happen when traffic ahead of him was slowing down." (Dkt. #8, Exhibit 2 at p. 19). Courts routinely admit this type of expert testimony. *See Seiber v. Estate of McRae*, 1:11-CV-00111-TBR, 2013 WL 5673601, at *3 (W.D. Ky. Oct. 17, 2013) ("Cole may testify as to the trucking industry's existing safety standards."); *McLane v. Rich Transp., Inc.*, 2:11-CV-00101 KGB, 2012 WL 3996832, at *1 (E.D. Ark. Sept. 7, 2012) ("Mr. Cole may testify regarding industry standards, but he cannot opine that the conditions on the day of the accident were hazardous or that [defendants] violated [a regulation]."). Mr. Cole does not offer accident reconstruction or causation testimony (*See* Dkt. #8, Exhibit 2 at pp. 16-19). He only opines on industry safety standards based on his long experience with trucking (*See* Dkt. #8, Exhibit 2 at pp. 16-19). This is permitted. *See Seiber*, 1:11-CV-00111-TBR, 2013 WL 5673601, at *3 (permitting Mr. Cole to testify as to industry safety standards); *McLane*, 2:11-CV-00101 KGB, 2012 WL 3996832, at *1 (same).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Objection and Motion to Strike or, in the Alternative, to Limit Testimony by Plaintiff's Putative Expert Witness (Dkt. #8) is hereby **DENIED**.

SIGNED this 2nd day of August, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE